

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00291-CR

APRIL FELICIA OWENS                                                      APPELLANT
A/K/A APRIL F. OWENS

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On July 5, 2011, as part of a plea-bargain agreement, Appellant April Felicia Owens a/k/a April F. Owens pleaded guilty to theft, and the trial court sentenced her to seven months' confinement in state jail. Also on July 5, 2011, the trial court certified that this is a plea-bargain case and that Appellant has no right to appeal. On July 14, 2011, Appellant filed a notice of appeal. On July 15,

----

[1]See Tex. R. App. P. 47.4.

2011, we notified Appellant that the trial court's certification, which indicates that Appellant has no right to appeal, had been filed in this court and that this appeal could be dismissed unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by August 1, 2011. *See* Tex. R. App. P. 25.2(d), 44.3. To date, we have received no response showing grounds for continuing the appeal.

Rule 25.2(a)(2) limits the right of appeal in a plea-bargain case to matters that were raised by written motion filed and ruled on before trial or to cases in which the appellant obtained the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). The trial court's certification denied permission to appeal, but Appellant's notice of appeal asserts that the matters to be addressed in her appeal were raised by written motion and ruled on before trial. However, the trial court specifically noted on the face of Appellant's notice of appeal, "There were no PT motions with appeal issues heard."

Further, the record shows that Appellant and her counsel signed a document entitled "Written Waiver of Defendant – Joined by Attorney," which states, "I give up and waive any and all rights of appeal in this case." The court of criminal appeals has held that a valid waiver of appeal will prevent a defendant from appealing without the consent of the trial court. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Because Appellant has waived her right to appeal and no one has responded to our July 15, 2011 letter requesting

2

grounds for continuing the appeal, we dismiss this appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f).

PER CURIAM

PANEL:  GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 15, 2011